O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTURO ACRISTIAN, | ) | Case No. CV 13-6738-JFW (KK) |
| Petitioner, | ) | **ORDER DENYING MOTION TO REOPEN CASE** |
| v. | ) | |
| FRANK X. CHAVEZ, Warden, | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 17, 2014, following the entry of judgment, Petitioner filed a Motion to Reopen his case. ECF Docket No. 35. For the reasons that follow, Petitioner's request is DENIED.

## I.

## PROCEDURAL SUMMARY

On November 12, 2013, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). On April 18, 2014, Respondent filed its Answer and Return. On June 2, 2014, Petitioner filed his traverse.

On September 2, 2014, the Magistrate Judge issued a Report and Recommendation recommending that this Court deny the Petition. Petitioner failed to file objections, or request an extension of time to do so within the time permitted.

On October 22, 2014, the Court accepted the Report and Recommendation and issued Judgment that the Petition be denied and the action dismissed with prejudice. The Court also denied Petitioner's request for a certificate of appealability, and the case was closed.

Thereafter, on November 17, 2014, Petitioner filed a Motion to Reopen his case, along with a request for an extension of time to file objections.  ECF 35.  On November 20, 2014, the Magistrate Judge issued an order directing Petitioner to state the nature of his objections no later than December 19, 2014.

On December 17, 2014, Petitioner filed a letter with the Court which appears to state partial objections, but which also seeks further time to comply with the November 20, 2014 order.

## II.

### DISCUSSION

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment).  See Hinton v. Pac. Enter., 5 F.3d 391, 395 (9th Cir. 1993).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994) (citing Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977)).  Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R Civ. P. 60(b).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60.  United

1   States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005), overruled on other grounds

2   by United States v. Washington, 593 F.3d 790 (9th Cir. 2010).  "It has been used

3   sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

4   where extraordinary circumstances prevented a party from taking timely action to

5   prevent or correct an erroneous judgment."  Id. (internal quotation marks omitted).

6   Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and

7   circumstances beyond his control that prevented him from proceeding . . . in a proper

8   fashion."  Id. (internal quotation marks omitted).

9       Here, Petitioner has failed to establish circumstances that warrant relief under

10  Rules 59(e) or 60(b).  The Court notes Petitioner failed to file objections to the Report

11  and Recommendation, or timely request an extension of time.  Moreover, despite the

12  Court's November 20, 2014 Order directing Petitioner to state the nature of his

13  objections by December 19, 2014, Petitioner has still failed to do so within the

14  additional time permitted.  Under these circumstances, Petitioner's request for

15  additional time must also be denied.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

### III.

### CONCLUSION & ORDER

Because Petitioner fails to demonstrate entitlement to relief under Rules 59(e) and 60(b), the Court DENIES his Motion to Reopen.  The Court also DENIES Petitioner's request for an extension of time.


IT IS SO ORDERED.


Dated: January 8, 2015


_____

HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE