O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO ACRISTIAN,<br><br>                    Petitioner,<br><br>          v.<br><br>FRANK X. CHAVEZ, Warden,<br><br>                    Respondent. | Case No. CV 13-6738-JFW (KK)<br><br>**ORDER RE SUMMARY DENIAL OF PETITIONER'S RULE 60(b) MOTION FOR RELIEF FROM A JUDGMENT, ORDER OR PROCEEDING** |

On July 20, 2015, following the entry of judgment, and denial of a previous motion to reopen his case, Petitioner Arturo Acristian ("Petitioner"), proceeding <u>pro se</u>, filed a Motion for Relief from a Judgment, Order or Proceeding Under Federal Rule of Civil Procedure Rule 60(b). (ECF Docket No. ("dkt.") 43). For the reasons that follow, Petitioner's Motion is DENIED.

## I.

## PROCEDURAL SUMMARY

On November 12, 2013, Petitioner filed a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). (Dkt. 1). On April 18, 2014, Respondent filed its Answer and Return. (Dkt. 22). On June 2, 2014, Petitioner filed his Traverse. (Dkt. 27).

On September 2, 2014, the Magistrate Judge issued a Report and

Recommendation recommending that this Court deny the Petition.  (Dkt. 31).
Petitioner failed to file objections, or request an extension of time to do so within the
time permitted.

On October 22, 2014, the Court accepted the Report and Recommendation and
issued Judgment that the Petition be denied and the action dismissed with prejudice.
(Dkt. 32, 33).  The Court also denied Petitioner's request for a certificate of
appealability, and the case was closed.  (Dkt. 34).

Thereafter, on November 17, 2014, Petitioner filed a Motion to Reopen his case,
along with a request for an extension of time to file objections.  (Dkt. 35).  Petitioner
stated he had just been placed in Administrative Segregation and needed additional
time to file objections, because he did not have access to his legal documents. Id.  On
November 20, 2014, the Magistrate Judge issued an order directing Petitioner to state
the nature of his objections no later than December 19, 2014.  (Dkt. 36).

On December 17, 2014, Petitioner filed a letter with the Court which appeared to
state partial objections, but which primarily sought further time to comply with the
November 20, 2014 order, because Petitioner was still in Administrative Segregation.
(Dkt. 40).

On January 8, 2015, the Court issued an order denying Petitioner's Motion to
Reopen his case and request for an extension of time to file objections, because
Petitioner failed to demonstrate entitlement to relief under Federal Rules of Civil
Procedure 59(e) and 60(b).  (Dkt. 41).  Finally, on January 9, 2015, Petitioner filed
Objections to the Report and Recommendation.  However, because the Court had
already denied leave to re-open and denied Petitioner's request for an extension of
time, the Court rejected the Objections and the document was not filed.  (Dkt. 42).

On July 20, 2015, Petitioner filed the instant Motion pursuant to Rule 60(b)
requesting relief from the Judgment and the Court's January 16, 2015 Order rejecting
Petitioner's Objections for filing.  (Dkt. 43).  Petitioner also appears to seek a
certificate of appealability and a tolling of the time limits for appealing the Judgment.

1   Id.

2

3                                   **II.**

4                              **DISCUSSION**

5   **A.    Petitioner Is Not Entitled To Relief Under Fed. R. Civ. P. 60(b)**

6           Petitioner argues he was unable to file timely objections or appeal the Judgment

7   due to (1) his language difficulties, (2) his transfer to Administrative Segregation

8   Housing, and (3) prison officials preventing him from obtaining his legal documents

9   from another inmate who was assisting him in preparing his objections.  Mot. at 3.

10          Rule 60(b) provides for extraordinary relief and may be invoked only upon a

11  showing of exceptional circumstances.  Engleson v. Burlington N.R. Co., 972 F.2d

12  1038, 1044 (9th Cir. 1994) (citing Ben Sager Chem. Int'l v. E. Targosz & Co., 560

13  F.2d 805, 809 (7th Cir. 1977)).  Under Rule 60(b), the court may grant reconsideration

14  based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly

15  discovered evidence which by due diligence could not have been discovered before the

16  court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the

17  judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P.

18  60(b).

19          "Excusable neglect is an equitable concept that takes account of factors such as

20  'prejudice, the length of the delay and impact on judicial proceedings, the reason for

21  the delay, including whether it was within the reasonable control of the movant, and

22  whether the movant acted in good faith.'"  Franchise Holding II, LLC. v. Huntington

23  Restaurants Grp., Inc., 375 F.3d 922, 927 (9th Cir. 2004) (affirming denial of Rule

24  60(b)(1) motion to set aside default judgment); see also Engleson v. Burlington N.

25  R.R. Co., 972 F.2d 1038, 1043 (9th Cir.1992) (articulating that "[t]o qualify for

26  equitable relief under Rule 60(b)(1), the movant *must demonstrate* ... excusable

27  neglect" and noting "[n]either ignorance nor carelessness on the part of the litigant or

28  his attorney provide grounds for relief under Rule 60(b)(1)") (citation and internal

                                        3

quotation marks omitted) (emphasis added).

Federal Rule of Civil Procedure 60(b)(3) states the Court may relieve a party of a final judgment or order by reason of "fraud . . ., misrepresentation, or misconduct by *an opposing party*." Fed. R. Civ. P. 60(b)(3) (emphasis added). To prevail under Rule 60(b)(3), "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case." In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1404-05 (9th Cir. 1987).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005), overruled on other grounds by United States v. Washington, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." Id. (internal quotation marks omitted). See also Lafarge Conseils Et. Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir.1986) ("A motion brought under [Rule] 60(b)(6) must be based on grounds other than those listed in the preceding clauses.").

Here, Petitioner has failed to establish exceptional circumstances that warrant relief under Rule 60(b). Petitioner failed to timely object or request an extension to object to the Report and Recommendation. Judgment was not entered until 50 days after the Court issued the Report and Recommendation. Without having prepared objections, Petitioner waited another month after the Court entered Judgment to request an extension of time to file objections. Petitioner argues he wrote numerous letters to the Court during this time requesting extensions of time to file objections,

1 because he was unable to obtain his legal documents.  <u>See</u> Petitioner's Declaration in
2 Support of Motion ("Pet. Decl.") at ¶7.  However, the Exhibits attached to Petitioner's
3 Declaration and the record show Petitioner did not begin requesting extensions until a
4 month after Judgment had already been entered.  Pet. Decl. Ex. 3.  Despite the Court's
5 November 20, 2014 Order directing Petitioner to state the nature of his objections by
6 December 19, 2014, Petitioner failed to do so within the additional time permitted.
7 Moreover, Petitioner raises no grounds in this Rule 60 Motion for reopening this
8 matter that were not previously presented to the Court and ruled on in the Court's
9 January 8, 2015 Order.

10 **B.    Petitioner Is Not Entitled To Relief From The Time Limit To Appeal**
11 **Judgment**

12        Lastly, Petitioner is not entitled to relief from the time limit to appeal the
13 Judgment, because Petitioner waited well over six months (180 days) from entry of the
14 Judgment to file the instant Motion.  <u>See</u> <u>In re Stein</u>, 197 F.3d 421, 425 (9th Cir. 1999),
15 <u>as amended on denial of reh'g</u> (Jan. 5, 2000) ("Rule 4(a)(6) provides the exclusive
16 means for extending appeal time for failure to learn that judgment has been entered.
17 Once the 180-day period has expired, a district court cannot rely on the one-time
18 practice of vacating the judgment and reentering the same judgment in order to create a
19 new appeal period.").
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

### III.

### <u>ORDER</u>

IT THEREFORE IS ORDERED that Petitioner's Motion be summarily denied, pursuant to Federal Rule of Civil Procedure 60(b).


DATED:     July 28, 2015

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Kenly Kiya Kato
United States Magistrate Judge